**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 29, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TERESA G. MCCLELLAND,

      Plaintiff-Appellant,

v.

COMMUNITYCARE HMO, INC.,

      Defendant-Appellee.

No. 12-5030
(D.C. No. 4:11-CV-00157-CVE-TLW)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **ANDERSON**, and **EBEL**, Circuit Judges.

Plaintiff Teresa G. McClelland appeals the district court's summary judgment

dismissal of her claims against her former employer, CommunityCare HMO, Inc.

(CCH), alleging it violated the Family Medical Leave Act (FMLA). We affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

BACKGROUND

The district court thoroughly described the facts; thus our recitation is brief. In July 2009, Ms. McClelland, a billing specialist with CCH, requested nine to twelve weeks of FMLA leave for a knee replacement surgery scheduled for October 2009. But she used 64 hours of her available FMLA leave that August for a knee injury. In September, CCH's human resource manager, Ms. Peterson, sent her written notice that she had used 64 of her 480 hours of annual FMLA leave. Aplt. App. at 125. Ms. McClelland had her knee replacement surgery in October, using FMLA leave.

In November, Ms. Peterson sent Ms. McClelland written notice that her remaining FMLA leave would expire on December 16, 2009. Three weeks later, Ms. McClelland requested an extended leave of absence, stating that if, after her next appointment on December 28, her doctor told her she was able to work, she might be able to return "around" January 4, 2010. Aplt. App. at 127. CCH denied her extended leave request, but offered to accommodate her medical needs in any manner upon a December 16 return, including reduced hours or work restrictions. Ms. McClelland did not respond to that offer. CCH's written FMLA policy states that any employee who fails to return to work at the expiration of FMLA leave will be subject to termination. On December 16, Ms. McClelland did not return to work, and CCH terminated her employment. She then filed a complaint alleging CCH terminated her in violation of the FMLA.

The district court ruled that Ms. McClelland failed to present evidence of a prima facie case that CCH unlawfully interfered with her FMLA rights. It ruled that the undisputed evidence demonstrated that prior to her surgery, CCH informed Ms. McClelland in writing of how much remaining FMLA leave she had; that she received the full twelve weeks of FMLA leave to which she was statutorily entitled; and that she did not present any evidence that CCH interfered with her rights under the FMLA. The district court further ruled that even if Ms. McClelland established a prima facie claim for FMLA retaliation, she did not present any evidence that CCH's proffered reason for terminating her was pretext for retaliation. Thus, it granted summary judgment in favor of CCH.

ANALYSIS

"We review the district court's grant of summary judgment de novo, applying the same standards that the district court should have applied." *Sabourin v. Univ. of Utah*, 676 F.3d 950, 957 (10th Cir. 2012) (internal quotation marks omitted). Under Fed. R. Civ. P. 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

The FMLA allows qualified employees to take up to twelve weeks of leave during a twelve-month period[1] if "a serious health condition . . . makes the employee

---

[1] CCH's FMLA policy is based on the rolling twelve-month period, one of four permissible methods of calculating leave. *See* 29 C.F.R. § 825.200(b)(4), (c)
(continued)

- 3 -

unable to perform the functions of the position of such employee."  29 U.S.C.

§ 2612(a)(1)(D).  The FMLA provides that an employer may not "interfere with,

restrain, or deny the exercise of or the attempt to exercise, any right provided under

[the FMLA]."  29 U.S.C. § 2615(a)(1).  It also forbids an employer "to discharge or

in any other manner discriminate against any individual for opposing any practice

made unlawful by [the FMLA]." *Id*. § 2615(a)(2).

*FMLA Interference Claim.*  Ms. McClelland contends on appeal that the

district court erroneously resolved disputed factual issues in CCH's favor when it

ruled she had failed to demonstrate a prima facie claim of FMLA interference.  To

establish a prima case of FMLA interference, an employee must show that (1) the

employee was entitled to FMLA leave, (2) some adverse action by the employer

interfered with the employee's right to take FMLA leave, and (3) this adverse action

was related to the exercise or attempted exercise of the employee's FMLA rights.

*Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1180 (10th Cir. 2006).

Ms. McClelland asserts she presented evidence that CCH misrepresented to her that

she had enough time for her surgery and that this interfered with her FMLA rights

because she relied on CCH's representation in scheduling her surgery.

Ms. McClelland cites to an affidavit she filed in response to CCH's motion for

summary judgment in which she stated that she was confused by how CCH was

("[E]ach time an employee takes FMLA leave the remaining leave entitlement would
be any balance of the 12 weeks which has not been used during the immediately
preceding 12 months.").

counting her FMLA time, that Ms. Peterson told her on October 5, 2009 that she had "enough" FMLA leave for her surgery and recovery, and that she would have rescheduled her October surgery if she had known she did not have "enough" FMLA leave for her full recovery. Aplt. App. at 153-54. But in her deposition, Ms. McClelland testified that she understood from Ms. Peterson's September 2009 letter that she only had 416 hours of remaining FMLA leave, *id*. at 90; she had no recollection of meeting with Ms. Peterson in October, *id*. at 217-18,[2] and her October

---

[2]    Ms. McClelland states in her Opening Brief that "a review of these pages of the deposition shows that Plaintiff was never asked if she had a conversation with [Gloria] Peterson on that Monday, October 5, 2009." Opening Br. at 16. To the contrary, that is precisely what she was asked, and as the district court observed, she stated she had no recollection.

> Q. Do you recall having a phone conversation with Gloria on October the 5th, the day before your surgery, telling you that your FMLA had been approved?
> A. October the 5th?
> Q. Yeah, the Monday before your surgery on Tuesday. You had a phone conversation with her where she told you that your request for FMLA for the surgery had been approved.
> A. I don't remember.
> . . .
> Q. I was . . . trying to refresh your memory that Gloria called you on that Monday and told you that you didn't need to worry, that FMLA had been approved, and she told you how many hours you had available?
> A. I don't remember.

Aplt. App. at 217. Her recollection was markedly clearer in the affidavit she signed the day she filed her Rule 56(a) response:

> One thing I tried to mention [in my deposition] and was stopped from mentioning was the conversation on the Monday before my October 6 surgery where I called Gloria Peterson to make sure that I had enough

(continued)

- 5 -

surgery was not elective, *id*. at 114.  The district court ruled that Ms. McClelland's

post-deposition statement that Ms. Peterson told her she had "enough" FMLA leave

was vague and did not controvert either CCH's written notice or her deposition

testimony that prior to her surgery, Ms. Peterson informed her, and she understood,

that she only had 416 hours of remaining FMLA leave.  It ruled that her affidavit

assertion that she would have postponed her surgery directly conflicted with her

deposition testimony that her surgery was not elective.  *See Franks v. Nimmo*,

796 F.2d 1230, 1237 (10th Cir. 1986) (stating "courts will disregard a contrary

affidavit when they conclude that it constitutes an attempt to create a sham fact

issue").  We find no error in the district court's consideration and evaluation of this

evidence or the totality of the evidence submitted by the parties.

Thus, Ms. McClelland did not present any evidence that CCH misrepresented

the amount of FMLA leave available to her.  It is undisputed that prior to her surgery,

CCH gave her written notice of the amount of her available FMLA leave and that it

provided her the full amount of the FMLA leave available to her.  Ms. McClelland

argues CCH should have granted her extended leave request, but this is not a genuine

issue of material fact because CCH is not obligated to provide more than the

statutorily-required amount of FMLA leave.  *See Robert v. Bd. of Cnty. Comm'rs*,

---

FMLA time to have the surgery and recover and she assured me that I
did.

*Id*. at 155, ¶ 26.

691 F.3d 1211, 1219 (10th Cir. 2012) (holding that employer is not obligated to allow employee to work at home after her FMLA leave expired). Ms. McClelland did not present any evidence that CCH took any adverse action that interfered with her right to take FMLA leave. Indeed, she testified in her deposition that Ms. Peterson "did everything she could to help [her] with all of [the] FMLA issues," and did not think CCH was trying to interfere with her ability to use FMLA leave. Aplt. App. at 102, 111. We conclude the district court correctly ruled that Ms. McClelland did not present evidence that established a prima facie claim for FMLA interference and affirm its summary judgment dismissal of this claim.

*FMLA Retaliation Claim.* Ms. McClelland contends she presented evidence that CCH's stated reason for terminating her is pretext for retaliation. "To establish a prima facie case of FMLA retaliation, an employee must prove that she: (1) availed herself of a protected right under the FMLA; (2) was adversely affected by an employment decision; and (3) that there was a causal connection between the two actions." *Robert,* 691 F.3d at 1219. The district court ruled the first two elements were shown and assumed that her termination at the end of her FMLA leave satisfied the causal connection element. Thus, the burden then shifted to CCH to offer a legitimate reason for her termination. *See id.*

In its termination letter, CCH stated that it was terminating Ms. McClelland's employment because she had exhausted her FMLA leave and was not able to return to work. Ms. McClelland does not dispute that CCH's FMLA policy states

employees may be terminated if they fail to return to work at the expiration of their FMLA leave. She admitted in her deposition that this policy was reasonable and that she did not think CCH was attempting to retaliate against her because she had used FMLA leave. Aplt. App. at 110-11. It is also undisputed that CCH encouraged her to return to work by December 16 and offered to provide her with any necessary work accommodations.

The FMLA permits an employer to terminate an employee who cannot return to work after her twelve weeks of leave have expired. *See* 29 U.S.C. § 2614(a)(3)(B); *see also Hunt v. DaVita, Inc.*, 680 F.3d 775, 779-80 (7th Cir. 2012) ("Because employers are entitled to terminate at-will employees who do not return to work after their leave expires, it cannot be unlawful retaliation to terminate uniformly any employees because they did not return to work after their leave expired."). Thus, CCH proffered a legitimate non-retaliatory reason for Ms. McClelland's termination, and accordingly, the burden then shifted back to her to present evidence to suggest its stated reason was pretextual. *See Robert*, 691 F.3d at 1219. "A plaintiff can demonstrate pretext by showing weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's reasons for its action, which a reasonable fact finder could rationally find unworthy of credence." *Richmond v. ONEOK, Inc.*, 120 F.3d 205, 209 (10th Cir. 1997) (alteration and internal quotation marks omitted).

We concur with the district court that Ms. McClelland presented no evidence suggesting that CCH's proferred reason was pretextual. She merely argues that although CCH had the right to terminate her, it did not need to exercise that right. But "mere conjecture that the employer's explanation is pretext is insufficient to defeat summary judgment." *Etsitty v. Utah Transit Auth.*, 502 F.3d 1215, 1225 (10th Cir. 2007) (alteration and internal quotation marks omitted). Her evidence that she had three days of vacation leave and that CCH has other policies related to leaves of absence, attendance, and vacation leave do not undermine the evidence that CCH had a legitimate, non-retaliatory reason for terminating her because she failed to return to work on December 16, 2009, after she exhausted all of her FMLA leave. *See Robert*, 691 F.3d at 1219 (similarly finding no pretext of retaliation where employer terminated employee who failed to return to work after exhausting FMLA leave). We find no evidence in the record that suggests CCH's proffered reason was implausible, inconsistent, incoherent, or otherwise pretextual. We affirm the district court's summary judgment dismissal of Ms. McClelland's FMLA retaliation claim.

The judgment of the district court is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge

- 9 -