FILED
United States Court of Appeals
Tenth Circuit

June 13, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DANNY GLOVER,

        Plaintiff - Appellant,

v.

DCP MIDSTREAM GP, LLC,

        Defendant - Appellee.

No. 12-1185
(D.C. No. 1:11-CV-01561-RPM)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **HOLMES**, and **MATHESON**, Circuit Judges.

Danny Glover appeals from a summary judgment entered in favor of his former employer, DCP Midstream (DCP). He contends DCP interfered with his rights under the Family and Medical Leave Act (FMLA) by refusing to reinstate him at the end of his leave. *See* 29 U.S.C. §§ 2615(a)(1), 2617(a). Because he was unable to return to work after receiving his full twelve-week allotment of FMLA leave, we affirm.

---

[*] This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id.*

- 1 -

DCP employed Glover as a Field Operator in Roggen, Colorado. On February 1, 2010, he requested leave for his mother's attempted suicide and his own depression. DCP approved his request and designated his leave as FMLA leave. Because he had previously used 34 days of FMLA leave in the preceding twelve-month period, DCP approved him for the remainder of his twelve weeks of FMLA leave. *See* 29 U.S.C. § 2612(a)(1). This period ended on March 10, 2010. DCP later extended his leave through April 14, 2010, under its "Extended Sick Leave" benefit program.

The parties emerged from discovery with strikingly divergent accounts of what happened as the end of Glover's extended leave approached. According to Glover, DCP was almost completely unresponsive to his efforts to coordinate his return to work. He claims to have attempted to contact his supervisor, co-workers, or DCP's human resources department on at least twelve different occasions. He alleges DCP returned only one call, and, during the call, the human resources representative told him "that she could not answer his questions regarding what he would need to do to return to work" but that if he did not "get his papers completed, he would be terminated." (Appellant's Opening Br. 8, 9.) When he was unable to negotiate the return-to-work process by the end of his leave period on April 14, 2010, he believed his employment had ended. He discontinued his attempts to return to work and returned his company credit card and cell phone.

As DCP explains the situation, it communicated with Glover repeatedly, and honored his request that his supervisor avoid contacting him during the leave period. As the end of his leave neared, DCP representatives attempted to reach him to determine

whether he would return to work. Having received no response, DCP sent him a letter on May 5, 2010, to ascertain his intent. The letter explained the medical documentation he would need to obtain additional leave under DCP's employee leave benefit program. He did not respond. On May 14, 2010, DCP terminated his employment.

Following discovery, DCP moved for summary judgment. The district court granted the motion. The court described Glover's account of his attempts to return to work as implausible and concluded he had been permissibly terminated for failing to return to work at the end of his leave.

We review the summary judgment de novo to determine whether there is a genuine issue of material fact. *Campbell v. Gambro Healthcare, Inc.*, 478 F.3d 1282, 1287 (10th Cir. 2007). In our review, we draw reasonable inferences in favor of Glover as the non-moving party. *Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1216 (10th Cir. 2002). Although his complaint raised claims for interference with his FMLA rights and retaliation for having exercised them, he presses only the interference claim on appeal. To establish an FMLA interference claim, he was required to show: (1) he was entitled to FMLA leave, (2) DCP interfered with his right to take FMLA leave, and (3) DCP's action was related to the exercise or attempted exercise of his FMLA rights. *See Campbell*, 478 F.3d at 1287.

The issue here is with the second prong of this assessment: whether DCP interfered with Glover's right to FMLA leave. On this issue, the evidence in the record is undisputed. On February 5, 2010, a DCP representative notified Glover he was approved for FMLA leave. The notification letter explained the leave would extend for up to

twelve weeks "less any leave you have already used in the twelve months prior to the date this leave begins (2/2/2010)."[1] (App'x 126.) The parties agree he had used 34 days of FMLA leave during the prior twelve-month period. Therefore, his FMLA leave expired on March 10, 2010—prior to his first efforts to coordinate his return to work. After that time, his entitlement to leave and reinstatement depended on the leave benefits accorded to him under the terms of his employment with DCP rather than on the leave guaranteed under the FMLA.[2] In short, because he received the leave due to him under the FMLA, but was unable to return to work at the end of this leave, his interference claim fails.[3] *See* 29 U.S.C. § 2614(a)(1); *Hunt v. Rapides Healthcare Sys.*, 277 F.3d 757, 763 (5th Cir. 2001) (noting FMLA's right to reinstatement expires at the end of the

---

[1] Glover argues DCP was required under FMLA's implementing regulations to give him specific notice of the amount of FMLA leave remaining available to him. However, the regulation he cites, 29 C.F.R. § 825.300(d)(6), does not contain such a requirement. Rather, it merely requires employers to state how much of the requested leave "will be counted against the employee's FMLA leave entitlement." *Id.* Where, as here, the employee requests leave of indefinite duration, employees may periodically request "notice of the amount of leave counted against the employee's FMLA leave entitlement," *id.,* but the record contains no indication Glover ever requested this notice.

[2] Glover's complaint did not claim his termination breached the terms of his employment.

[3] Because of our resolution of Glover's interference claim, we need not determine whether the district judge correctly assessed the record evidence regarding his attempts to return to work. *See Sanchez v. Vilsack*, 695 F.3d 1174, 1180 (10th Cir. 2012) ("[We] may affirm the decision of the district court on any basis for which there is support in the record.").

FMLA leave period); *accord McClelland v. CommunityCare HMO, Inc.,* 503 F. App'x 655, 659 (10th Cir. 2012) (unpublished).[4]

AFFIRMED.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

[4] Although our unpublished opinion in *McClelland* is not binding precedent, we mention it for the persuasiveness of its analysis. *See* 10th Cir. R. 32.1(A).